## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

COURTNEY BLACKWELL                                              PLAINTIFF

V.                              No. 4:20-CV-1262-JTR

KILOLO KIJAKAZI, Commissioner
Social Security Administration[1]                              DEFENDANT

## ORDER

### I.  Introduction

Plaintiff, Courtney Blackwell ("Blackwell"), applied for disability benefits on August 30, 2018, alleging disability beginning on December 1, 2016. (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application on April 29, 2020. (Tr. at 25–26). The Appeals Council denied his request for review on August, 2020, making the ALJ's denial of Blackwell's application for benefits the final decision of the Commissioner. (Tr. at 1).

For the reasons stated below, the Court[2] affirms the decision of the Commissioner.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 5*.

## II.   The Commissioner's Decision

The ALJ found that Blackwell, who was born on January 19, 1979, had not engaged in substantial gainful activity since the alleged onset date of December 1, 2016.[3]  (Tr. at 13, 24). The ALJ found, at Step Two, that Blackwell had the following severe impairments: left shoulder osteoarthritis status post left shoulder total shoulder arthroscopy, right long finger tenosynovitis, bilateral hand osteoarthritis, obesity, and depression disorder. (Tr. at 13).

After finding that Blackwell's impairments did not meet or equal a listed impairment (Tr. at 14), the ALJ determined that Blackwell had the residual functional capacity ("RFC") to perform work at the light exertional level, with exceptions: (1) he can no more than frequently handle and finger; (2) he cannot engage in left upper extremity overhead reaching duties; (3) he can have no exposure to concentrations of fumes, odors, or gases; (4) the work must be limited to simple, routine, and repetitive tasks or jobs; (5) the supervision required must be simple, direct, and concrete; and (6) the occupations must be limited to jobs with SVP 1-2. (Tr. at 16).

---

[3] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

The ALJ determined that Blackwell was unable to perform any of his past relevant work. (Tr. at 25). At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on Blackwell's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including positions as price tag ticketer and cafeteria attendant. (Tr. at 25–26). Thus, the ALJ concluded that Blackwell was not disabled. *Id*.

### III.   Discussion

#### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the

meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

### B.  Blackwell's Arguments on Appeal

Blackwell contends that the evidence supporting the ALJ's decision to deny his application for benefits is less than substantial. He argues that: (1) the ALJ did not include all of Blackwell's credible limitations in the hypothetical posed to the VE and in the corresponding RFC; and (2) the RFC for no more than frequent handling and fingering outstripped Blackwell's abilities.

Blackwell asserts that because the ALJ found moderate limitations in concentration, persistence, or pace at Step Three of the analysis, he should have specifically included such limitations in the hypothetical posed to the VE and the

corresponding RFC. First, the Court observes that a hypothetical question need only include those impairment and limitations found credible by the ALJ. *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005). And, the medical record does not suggest that Blackwell had more than moderate limitations mentally. He did have moderate depression, which he treated conservatively with medication. (Tr. at 1245). Mental status examinations showed normal attention and concentration. (Tr. at 1158, 1216). Blackwell said that medication and counseling helped him. (Tr. at 53, 1236–1245) Blackwell said in April 2019 that he was doing much better and that he had started a t-shirt making business. (Tr. at 1239–1242). Indeed, he said he could perform personal care, shop, prepare simple meals, visit with family, watch TV, go to doctors' appointments and attend church study.[4]  (Tr. at 44–57, 280–285).

The Eight Circuit has held that just because an ALJ finds moderate limitations in concentration, persistence or pace, verbatim references to concentration, persistence, or pace are not required in the hypothetical posed to the VE or the RFC. *See Chismarich v. Berryhill*, 888 F.3d 978, 980–81 (8th Cir. 2018) (moderate difficulties in concentration, persistence, or pace are consistent with an RFC that finds a claimant capable of understanding, remembering, and carrying out simple instructions while performing non-detailed tasks); *Williams v. SSA*, No. 2:18-CV-

---

[4] Such daily activities undermine Blackwell's claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

00174-BD, at 12–13 (E.D. Ark. Feb. 25, 2020) (the record as a whole demonstrated claimant could perform a variety of activities requiring concentration, persistence, or pace, so the RFC for work with few variables and little judgment, as well as simple and direct supervision, was sufficient). Here, the ALJ included mental function limitations in the RFC (like simple, routine tasks, and direct, concrete supervision) and those limitations corresponded to the benign medical evidence pertaining to Blackwell's psychiatric symptoms. (Tr. at 16). And furthermore, the ALJ gave credit to Blackwell's complaints because he imposed even more restrictions in the mental RFC than those assessed by the Disability Determination Services medical expert (that expert found Blackwell could perform semiskilled work with little supervision and several variables). (Tr. at 16, 98–99). The Court finds no error.

Next, Blackwell argues that the RFC for not more than frequent handling and fingering outstripped his abilities. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

Blackwell had synovitis of his long right finger and bilateral osteoarthritis in his hands. (Tr. at 13). He treated his pain and swelling conservatively. He used splints, and he had steroid injections. (Tr. at 441, 1275–1282) He took pain medication, which he said helped. (Tr. at 43). While Blackwell complained that he had a weak grip and dropped things, he did not require physical therapy or surgery. (Tr. at 42). No doctor placed any restrictions on the use of his hands or fingers. Blackwell has not shown that he required any further restriction on handling or fingering in the RFC. The RFC properly incorporated his limitations.

## IV.   Conclusion

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC incorporated all of Blackwell's credible limitations. The finding that Blackwell was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

ORDERED this 13th day of October, 2021.

UNITED STATES MAGISTRATE JUDGE